UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 15-CV-628 (SJ) (RER)
_____

BING ZHANG AND YANG ZHANG SU,

Plaintiffs,

VERSUS

RED MOUNTAIN NOODLE HOUSE INC., D/B/A "RED MOUNTAIN NOODLE HOUSE" AND CHUNMING GAO,

Defendants.
_____

**REPORT & RECOMMENDATION**

July 5, 2016
_____

**TO THE HONORABLE STERLING JOHNSON, SENIOR UNITED STATES DISTRICT JUDGE**

**RAMON E. REYES, JR., U.S.M.J.:**

Plaintiffs Bing Zhang ("Zhang") and Yan Zhang Su ("Su") (collectively, "Plaintiffs") commenced this action against Defendants Red Mountain Noodle House Inc., d/b/a ("Red Mountain Noodle House") and Chunming Gao ("Gao") (collectively, "Defendants") on February 2, 2015, alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") (29 U.S.C.A. § 207(a)(1) (West 2010)) and New York Labor Law ("NYLL") (N.Y. Lab. Law § 160 (McKinney 2010); N.Y. Comp. Codes R. & Regs. tit 12, § 142-2.2 (1987)), as well as violations of the NYLL "spread of hours" and notice and record-keeping requirements. N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.4 (1987); N.Y. Lab. Law §§ 195(1)(a), 195(3) (McKinney 2014).

Before the court is Plaintiffs' motion for default judgment.[1] For the reasons stated below, I respectfully recommend that Plaintiffs' motion for default judgment be granted, and that Zhang and Su be awarded damages of $74,457.82 and $248,018.02, respectively. I also recommend that Plaintiffs

---

[1] The Defendants did not file an appearance. On April 9, 2015, the Clerk of the Court noted Defendants' default pursuant to F.R.C.P. 55(a). (ECF Dkt. No. 11-4 (Certificate of Default) at ¶ 14). On May 7, 2015, the Plaintiffs filed a motion for default judgment. On April 29, 2016, the Plaintiffs' motion was referred to me for a report and recommendation on the issues of liability and damages. (ECF Order date 6/2/2015).

1

be jointly awarded $7,630 in attorney's fees and $470.75 in costs.

## DISCUSSION

### A. Liability is Established

The complaint sufficiently pleads that Defendants violated the FLSA and the NYLL by failing to provide Plaintiffs with overtime and spread of hours compensation as required by 29 U.S.C.A. § 207(a) and N.Y. Comp. Codes R. & Regs. tit. 12 §§ 146-3.5, 146-1.4, and for failing to provide proper wage notices and statements as required by N.Y. Lab. Law §§ 195(1)(a), 195(3). (Compl. at ¶¶ 14-16). The complaint sufficiently pleads liability under the FLSA and NYLL pursuant to 29 U.S.C. §§ 203 (d),(e)(1),(s)(a), 206(a), 207(a)(1) and N.Y. Lab. Law § 651(5),(6).[2] (Compl. at ¶¶ 3-4). The complaint also sufficiently pleads joint and several liability on the part of all Defendants.[3] (Compl. at ¶¶ 5-6) *See Rodriguez v. Almighty Cleaning, Inc.*, 784 F.Supp.2d 114, 128–29 (E.D.N.Y.2011) (holding that allegations that individual had authority over personnel and payroll decisions and authority to hire and fire employees as adequate to impose joint and several liability.).

The Defendants are in default and therefore concede to all factual allegations in the complaint relating to liability. *E.g., Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (upon entry of default a party concedes all well pleaded factual allegations in complaint except those relating to damages).

Therefore, Plaintiffs have adequately established liability under the FLSA and the NYLL.

### B. Damages

Both the FLSA and NYLL provide that employees have a right to collect unpaid or uncompensated wages. *See* 29 U.S.C.A § 216(b) (West 2008); N.Y. Lab. Law § 663(1) (McKinney 2015). An employee bringing an action for unpaid compensation bears the burden of proving that he was not compensated for work performed. *Cardoza v. Mango King Farmers Mkt. Corp.*, No. 14-CV-3314, 2015 WL 5561033, at *7 (E.D.N.Y. Sept. 1, 2015), *adopted by*, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015). When an employer's records are inadequate, a plaintiff-employee may meet this burden solely through his or her recollection. *Id.* Here, Plaintiffs each submitted declarations that describe, *inter alia,* approximate dates of employment, hours worked per week, and monthly wages paid, which are sufficient to calculate damages. (Declaration of Bing Zhang in Support of Plaintiffs' Motion ("Zhang Decl.") at ¶¶ 2-3; Declaration of Yan Zhang Su in Support of Plaintiffs' Motion ("Su Decl.") at ¶¶ 6-7).

From October 2013 to September 2014, Zhang worked in excess of 10 hours per day, six days per week, for a total of 72.5 hours every week. (Zhang Decl. at ¶ 2). Zhang was paid a flat rate salary per month that varied as follows: October 2013, $1,700; November 2013, $1,800, December 2013, $1,900; January 2014, $2,000; February

---

[2] Plaintiffs allege that they are employees and defendants are employers under the FLSA and NYLL, and that Defendants engage in interstate commerce and have an annual gross volume of sales is not less than $500,000.00 as required by the FLSA. Plaintiffs should be warned, however, that their allegations tread closely to mere conclusory terms, and are accepted in large part because "[s]ome judges in this district have inferred FLSA coverage from the nature of the employer's business, notwithstanding ... pleading deficiencies." *Huerta v. Victoria Bakery*, No. 10-CV-4754, 2012 WL 1107655, at *2 (E.D.N.Y. Mar. 30, 2012).

[3] Plaintiffs allege that Gao had the power to hire and fire employees, establish their wages, set their work schedules, and maintain their employment records.

2

2014, $2,100; March 2014 – June 2014, $2,300; July 2014 – August 2014, $2,600; September 2014 $2,700. (Zhang Decl. at ¶¶ 2-3).

From October 2012 to November 2014, Su worked in excess of 10 hours per day, seven days per week, with one half-day off every two weeks, for a total of 72.5 – 84.5 hours every week. (Su Decl. at ¶ 6; Compl. at ¶ 11). Su was paid a flat rate salary per month that varied as follows: October 2012, $2,200; November 2012, $2,300; December 2012, $2,400; January 2013, $2,500; February 2013 – March 2013, $2,600; April 2013 – May 2014, $2,700; June 2013 – July 2013, $2,800; August 2013 – September 2013, $2,900; October 2013 – November 2013, $3,000; November 2013 – November 2014, $3,100. (Su Decl. at ¶¶ 6-7).

I. Overtime Compensation

Plaintiffs allege that Defendants' failure to record, report, credit and/or compensate its employees constitutes a willful violation of the FLSA. (Compl. at ¶ 15). "Willfulness . . . is found where an employer knowingly disregards its obligations under the FLSA." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir.2009); *see also Carrasco–Flores v. Comprehensive Health Care & Rehab. Servs., LLC*, No. 12–CV–5737, 2014 WL 4954629, at *4 (E.D.N.Y. Oct.2, 2014) (A defendant's default alone suffices to support finding willfulness.). Accordingly, the three-year statute of limitations applies to plaintiff's FLSA claims and covers the entirety of Plaintiffs' employment periods. Therefore, Plaintiffs are entitled to only one award for the overlapping FLSA and NYLL overtime compensation claim. *See Rodriguez*, 784 F. Supp. 2d 114, at 126 ("Plaintiff's federal overtime compensation claim subsumes their state law claim for the overlapping damages period.") (quoting *Rios v. Neighborhood Const. Corp.*, No. 07-CV-8701, 2009 WL 3335354 (S.D.N.Y. Oct. 14, 2009)).

The FLSA and NYLL have different standards to calculate an employee's regular rate. Under the FLSA, the regular rate is calculated by dividing the employee's weekly compensation "by the total number of hours actually worked by him in that workweek." 29 C.F.R. § 778.109 (2011). However, New York's Hospitality Industry Wage Order[4] states: "the employee's regular hourly rate of pay shall be calculated by dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the lesser of 40 hours or the actual number of hours worked by that employee during the work week." N.Y. Comp. Codes R. & Regs. tit. 12 § 146-3.5 (2011). Prior to January 1, 2011, the NYLL had the same method for calculation of the regular rate as the FLSA. *See* N.Y. Comp. Codes R. & Regs. tit 12 § 137-3.5 (2009).

The only reported case that addresses these different standards applied the the NYLL Hospitality Industry Wage Order's regular rate calculation instead of the FLSA's because of the "substantially higher" overtime wage rates that would be available to the employees under the NYLL. *Quiroz v.*

---

[4] The term hospitality industry includes any "restaurant," which is defined as: "any eating or drinking place that prepares and offers food or beverage for human consumption either on any of its premises or by such service as catering, banquet, box lunch, curb service or counter service to the public, to employees, or to members or guests of members, and services in connection therewith or incidental thereto." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.1 (2011). A hospitality employee is defined as "any individual suffered or permitted to work in the hospitality industry by the operator of the establishment." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-3.1(a) (2011).

3

*Luigi's Dolceria, Inc.,* No. 14-CV-871, 2016 WL 2869780, at *4 (E.D.N.Y. May 17, 2016). This is consistent with the FLSA's policy of not preempting state law where state law provides for a greater recovery. *See Pineda-Herrera v. Da-Ar-Da, Inc*., No. 09-CV-5140, 2011 WL 2133825, at *3 (E.D.N.Y. May 26, 2011); *Rodriguez v. Queens Convenience Deli Corp.,* No. 09–CV–1089, 2011 WL 4962397, at *2 (E.D.N.Y. Oct. 18, 2011); *Rodriguez*, 784 F.Supp.2d 114, at 128–29. Accordingly, this Court will calculate Plaintiffs' regular rate for the purposes of unpaid overtime compensation using the NYLL Hospitality Industry Wage Order's method of calculation, since it will entitle them to a higher recovery and prevent minimum wage violations.

Accordingly, over the term of Zhang's employment his regular hourly rate began at $10.62 and rose to $16.88, and his hourly overtime rate rose from $15.93 to $25.32, which would entitle him to $32,419.41 in overtime compensation. (ECF Dkt. No. 11-5 (Calculations for Bing Zhang) at ¶¶ 13-21).[5] Similarly, Su's regular hourly rate began at $13.75 and rose to $17.06, and his overtime rate rose from $20.63 to $25.59 per hour, which would entitle him to $116,091.27 in overtime compensation. (ECF Dkt. No. 11-5 (Calculations for Yan Zhang Su) at ¶¶ 1-12).[6]

## II. Spread-of-Hours Compensation

Under NYLL regulations now applicable to the hospitality industry, "[o]n each day on which the spread of hours exceeds 10, an employee shall receive one additional hour of pay at the basic minimum hourly rate." N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6(a) (2011). "This section shall apply to all employees in restaurants and all-year hotels, regardless of a given employee's regular rate of pay." [7] N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6(d) (2011).[8] For the periods of Plaintiffs' employment, the New York hourly minimum wage was $7.15 on and after January 1, 2007, and $8.00 on and after December 31, 2013. N.Y. Lab. Law §652(1) (McKinney 2016). The Federal minimum hourly wage was $7.25. 29 U.S.C.A § 206(a)(1)(c) (West 2007).

---

[5] Zhang's hourly rate (HR) and overtime rate (OR) per month varied as follows: October 2013, HR: $10.62/ OR: $15.93; November 2013, HR: $11.25/ OR: $16.88; December 2013, HR: $11.88/ OR: $17.82; January 2014, HR: $12.50/ OR: $18.75; February 2014, HR: $13.13/ OR: $19.70; March 2014 – June 2014, HR: $13.53/ OR: $20.29; July 2014 – August 2014, HR: $15.29/ OR: $22.94; September 2014 HR: $16.88/ OR: $25.32.

[6] Su's hourly rate (HR) and overtime rate (OR) per month varied as follows: October 2012, HR: $13.75/ OR: $20.63; November 2012, HR: $14.38/ OR: $21.57; December 2012, HR: $15.00/ OR: $22.50; January 2013, HR: $15.63/ OR: $23.45; February 2013 – March 2013, HR: $16.25/ OR: $24.38; April 2013 – May 2014, HR: $15.88/ OR: $23.82; June 2013 – July 2013, HR: $16.47/ OR: $24.71; August 2013 – September 2013, HR: $17.06/ OR: $25.59; October 2013 – November 2013, HR: $17.65/ OR: $26.48; November 2013 – November 2014, HR: $17.88/ OR: $26.82.

[7] Prior to the hospitality industry regulations, the "spread of hours" premium applied only to workers earning the minimum wage, which is still the case in other industries. *See* N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.4 (1987).

[8] Courts in this district have recognized that the spread of hours requirements for the Hospitality Industry are unique and have applied them accordingly. *See Quiroz v. Luigi's Dolceria, Inc.,* No. 14-CV-871, 2016 WL 2869780, at *5 (E.D.N.Y. May 17, 2016); *Gao v. Perfect Team Corp.,* No. 10-CV-1637, 2016 WL 1533537, at *6 (E.D.N.Y. Feb. 9, 2016), *adopted sub nom by, Gao v. Perfect Team Corp.,* No. 10-CV-1637, 2016 WL 1464556 (E.D.N.Y. Apr. 13, 2016); *Jiaren Wei v. Lingtou Zhengs Corp*., No. 13-CV-5164, 2015 WL 739943, at *11 (E.D.N.Y. Feb. 20, 2015); *Morris v. Alle Processing Corp.,* No. 08-CV-4874, 2013 WL 1880919, n.4 (E.D.N.Y. May 6, 2013).

Plaintiffs allege that for the duration of their employment they worked in excess of 10 hours per day. (Zhang Decl. at ¶ 2; Su Decl. at ¶ 6). Zhang worked 6 days per week, which would entitle him to $2,322 in spread of hours compensation. (Zhang Decl. at ¶ 2). Su worked, for the purposes of this calculation, 6.5 days per week, because he had one half day off every two weeks, and is therefore entitled to $5,417.74 in spread of hours compensation. (Su Decl. at ¶ 2; Compl. at ¶ 10).

Therefore, I recommend that Zhang and Su be awarded actual damages of $34,741.41 and $121,509.01, respectively.

### C. Liquidated Damages

Plaintiffs request liquidated damages under both the NYLL and the FLSA, which both provide for liquidated damages in an amount equal to the amount of unpaid wages found to be due. *See* 29 U.S.C.A § 216(b) (West 2008); New York Lab. Law § 198(1-a) (McKinney 2009).[9] In keeping with the prevailing view, as well as this Court's previous rulings, Plaintiffs should not be awarded liquidated damages under both the FLSA and NYLL for overlapping claims during the same time period. Therefore, Plaintiffs are entitled to a single award of liquidated damages at the federal statutory rate of 100% for their overlapping overtime claims.

There is no federal counterpart for Plaintiffs' spread of hours claims pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6 (2011). Under the NYLL an employee may recover liquidated damages at the state statutory rate of 100% on claims brought under spread of hours regulations. *See* N.Y. Lab. Law § 198(1–a) (McKinney 2009); N.Y. Lab. Law § 663(1) (McKinney 2015); *Cardoza*, 2015 WL 5561033, at *11-13; *Jeong Woo Kim v. 511 E. 5TH St., LLC*, 133 F. Supp. 3d 654, 667 (S.D.N.Y. 2015); *Inclan v. N.Y. Hospitality Group, Inc.*, 95 F.Supp.3d 490, 501–02 (S.D.N.Y.2015). Therefore, Plaintiffs are entitled to an award of liquidated damages at the state statutory rate of 100% for their spread of hours claims.

Therefore, I recommend that Zhang and Su be awarded liquidated damages of $34,741.41 and $121,509.01, respectively.

### D. Pre-Judgment Interest

In addition to actual damages under the FLSA and NYLL, Plaintiffs request an award of pre-judgment interest on those awards. (Compl. at 19). Federal courts have long recognized that prejudgment interest may not be awarded in addition to liquidated damages for violations of the FLSA.[10] *Brock*

---

[9] Some courts have awarded full liquidated damages under both NYLL and the FLSA in addition to actual damages. "Courts which have allowed both types of damages have reasoned that because the liquidated damages provision of the FLSA is compensatory and the liquidated damages provision of the NYLL is punitive, the damage provisions serve different purposes." *Castellanos v. Deli Casagrande Corp.*, No. 11-CV-245, 2013 WL 1207058, at *6 (E.D.N.Y. Mar. 7, 2013) (citation omitted). I am not persuaded by this distinction, especially because the NYLL has been amended to reflect the FLSA's 100% liquidated damages provision. *See e.g. Lopez v. Yossi's Heimishe Bakery Inc.*, No. 13-CV-5050, 2015 WL 1469619, at

*11 (E.D.N.Y. Mar. 30, 2015) ("now that the remedies are so similar—and now that New York has acted to bring its statute in line with its federal counterpart—it seems more reasonable to conclude that the two statutes adopt the same remedies to achieve the same goals."). Therefore, I decline to recommend that Plaintiffs be awarded 100% liquidated damages under both the FLSA and NYLL for overlapping claims.

[10] Since liquidated damages awarded under the FLSA for unpaid wages are designed to compensate employees for delays in payment, such damages are the functional equivalent of prejudgment interest. *Valdez,* 2016 WL 3079028, at *6.

5

*v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir. 1988); *Valdez v. H & S Rest. Operations, Inc.*, No. 14-CV-4701, 2016 WL 3079028, at *6 (E.D.N.Y. Mar. 29, 2016), *adopted by*, 2016 WL 3087053 (E.D.N.Y. May 27, 2016). Nonetheless, employees have regularly been granted "an award of prejudgment interest … [on] spread of hours pay for which liquidated damages pursuant to the FLSA were not assessed." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 92 (E.D.N.Y. 2012) (citation omitted). This is because prior to 2011, liquidated damages under the NYLL were presumed to be punitive, whereas prejudgment interest was intended to be compensatory. *Santillan v. Henao*, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011).

However, now that the NYLL has been amended to reflect the FLSA's 100% liquidated damages provision,[11] the "distinction drawn between the purposes of the two statutes is no longer persuasive." *Inclan,* 95 F. Supp. 3d 490, at 506. Similar to the FLSA, liquidated damages under NYLL are now designed to compensate employees for delays in payment and thus are the functional equivalent of prejudgment interest. Therefore, "to allow an employee to recover…liquidated damages[] with interest, would have the effect of giving an employee double compensation for damages arising from delay in the payment. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 715 (1945). In fact, allowance of interest and liquidated damages would "produce the undesirable result of allowing interest on interest." *Id.*

Accordingly, since liquidated damages under NYLL are now intended to compensate employees for delay of payment, this Court is of the mind that prejudgment interest may not be awarded in addition to liquidated damages for violations of the NYLL. Therefore, since Plaintiffs have been awarded 100% liquidated damages for their overtime claims under the FLSA, and spread of hours claims under NYLL, I recommend that Plaintiffs not be entitled to prejudgment interest on their wage claims.

### E.  Statutory Damages

N.Y. Lab. Law § 195(1)(a) provides that every employer shall provide employees, at the time of hiring, with a notice containing specific detailed information in accordance with the statute. Here, Plaintiffs allege that they were not at any time provided with this notice by Defendants. (Zhang Decl. at ¶ 3; Su Decl. at ¶ 7; Compl. at ¶¶ 16-17). Pursuant to NYLL § 198(1-b), Plaintiffs are entitled to statutory damages for Defendants' violation of N.Y. Lab. Law § 195(1)(a). An employee who is not provided with this notice when hired is entitled to recover "fifty dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of twenty-five hundred dollars…." N.Y. Lab. Law § 198(1-b) (McKinney 2009).[12]

N.Y. Lab. Law § 195(3) provides that "every employer shall … furnish each employee with a statement with every payment of wages…" Each statement must include specific, detailed information in accordance with the statute. Here, Plaintiffs allege they were not provided with wage statements throughout the course of their employment with the Defendants. (Zhang Decl. at ¶ 3; Su Decl. at ¶ 7; Compl. at ¶ 17). Pursuant to N.Y. Lab. Law § 198(1-d), Plaintiffs are entitled to statutory damages for

---

[11] *See supra* text accompanying note 11.
[12] Effective February 27, 2015, N.Y. Lab. Law § 198(1-b) was revised to "fifty dollars for each work *day* that the violations occurred or continue to occur, but not to exceed a total of *five thousand* dollars…" (emphasis added). However, I will apply this Section as it was at the time of this action was filed and the violation took place.

6

Defendants' violation of N.Y. Lab. Law § 195(3). An employee who is not provided with a wage statement is entitled to recover "one hundred dollars for each work week that the violations occurred or continue to occur, but not to exceed a total of twenty-five hundred dollars…." N.Y. Lab. Law § 198(1-d) (McKinney 2009).[13]

Zhang worked for 49.5 weeks and is therefore entitled to $2,475 for Defendants violation of N.Y. Lab. Law § 195(1)(a), and the statutory maximum of $2,500 for Defendants violation of N.Y. Lab. Law § 195(3). Su worked for 110 weeks and is therefore entitled to the statutory maximum of $2,500 for Defendants violation of N.Y. Lab. Law § 195(1)(a), and the statutory maximum of $2,500 for Defendants violation of N.Y. Lab. Law § 195(3).

Therefore, I recommend that Zhang and Su be awarded $4,975 and $5,000 in statutory damages, respectively.

### F. Attorney's Fees and Costs

Plaintiffs seek $7,630 in attorney's fees and $470.75 in costs. Attorney's fees and costs are awarded under both the FLSA and NYLL. *See* 29 U.S.C.A § 216(b) (West 2008); N.Y. Lab. Law § 215(2)(a) (McKinney 2009). To determine reasonable attorney's fees, the Second Circuit employs the lodestar method of establishing the attorney's reasonable hourly rate and multiplying it by the number of hours spent on litigation to arrive at a "presumptively reasonable fee". *See Hensley v. Eckerhart,* 461 U.S. 424 (1983), *Millea v. Metro North R.Co.*, 658 F.3d 154 (2d Cir. 2011).

A reasonable hourly rate is determined by reference to "the hourly rates employed in the district in which the reviewing court sits…." *Bergerson v. New York State Office of Mental Health, Cent. New York Psychiatric Ctr.*, 652 F.3d 227, 209 (2d Cir. 2011) (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 280 170, 174 (2d Cir. 2009)). "It is now well established, and should remain so unless there is a significant change in the market for legal services in this area, that the prevailing hourly rate for partners in this district ranges from $300.00 to $400.00." *Cardoza*, 2015 WL 5561033, at *15.

Here, the attorney's fees requested consist of: $350 per hour for Jian Hang, the principal attorney at Hang and Associates, PLLC. (ECF Dkt. No. 11-6 "Pl.'s Br." at ¶ 16). The requested rates fall within the permitted range for this District and are therefore reasonable.

The Court now considers the hours expended on this matter. "Requests for attorney's fees in this Circuit must be accompanied by contemporaneous time records that show for each attorney the date the work was done, the hours expended, and the nature of the work done." *Fermin v. Las Delicias Peruanas Rest., Inc.*, 93 F. Supp. 3d 19, 51 (E.D.N.Y. 2015) (citing *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Kun Fung USA Trading Co. Inc.*, No. 07-CV-2568, 2012 WL 1414872, at *10 (E.D.N.Y. Jan. 20, 2012)) (citations omitted). Plaintiffs have submitted a billing statement that satisfies this requirement. (ECF Dkt. No. 11-5 at ¶ 23).

---

[13] Effective February 27, 2015, N.Y. Lab. Law § 198(1-d) was revised to "*two-hundred fifty* dollars for each work *day* that the violations occurred or continue to occur, but not to exceed a total of *five thousand* dollars…" (emphasis added). However, I will apply this Section as it was at the time of this action was filed and the violation took place.

Plaintiffs' attorney worked a total of 22.1 hours on this action. (ECF Dkt. No. 11-5 at ¶ 23). The time expended by counsel on this matter is reasonable. *See Fermin,* 93 F. Supp. 3d 19, at 52 (concluding that it was reasonable to have expended 22 hours on a similar FLSA and NYLL case, which was defaulted on, where the Plaintiff had moved for default judgment).

As to costs, Plaintiffs request $470.75. (Compl. at ¶ 19; Pl.'s Br. at 16). Both the FLSA and NYLL provide for the recovery of costs. *See* 219 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). Plaintiffs' attorneys have provided documentation of the incurred costs and expenses, which include the $400 filing fee and service on Defendants. (*See* ECF Dkt. No. 11-5 ¶ 26-27). The costs incurred by Plaintiffs' attorneys are reasonable Therefore, I recommend that Plaintiffs be awarded $7,630 in attorney's fees and $470.75 in costs.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that Zhang be awarded a total of $74,457.82 in damages. This award reflects $34,741.41 in actual damages; $34,741.41 in liquidated damages on FLSA and NYLL wage claims; $2,500.00 in statutory damages for Defendants' failure to provide proper wage statements; and $2,475 in statutory damages for Defendants' failure to provide wage notice. I also respectfully recommend that Su be awarded a total of $248,018.02 in damages. This award reflects $121,509.01 in actual damages; $121,509.01 in liquidated damages on FLSA and NYLL wage claims; $2,500.00 in statutory damages for Defendants' failure to provide proper wage statements; and $2,500.00 in statutory damages for Defendants' failure to provide wage notice. In addition, I respectfully recommend that Plaintiffs be jointly awarded $7,630 in attorney's fees and $470.75 in costs.

Plaintiffs are hereby directed to serve copies of this Report and Recommendation upon Defendants by next-day mail by July 7, 2016, at each of their last known addresses, and to promptly file proof of service with the Clerk of the Court. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable Sterling Johnson within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Courts Order. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72; *Small v. Secretary of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED.

*Ramon E. Reyes, Jr.*
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: July 5, 2016
       Brooklyn, NY

8